UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jamie Fox,                                                    Case No. 3:13-cv-01815

        Plaintiff

   v.                                                        MEMORANDUM OPINION &
                                                                                        ORDER

Local Lodge No. 85, International
Brotherhood of Boilermakers, et al.,

        Defendants

## I. INTRODUCTION

Before me are the motions of Plaintiff Jamie Fox to amend his complaint, (Doc. No. 14), Defendant International Brotherhood of Boilermakers, Local Lodge No. 85 ("Local 85"), to dismiss pursuant to Rule 12(b)(6), (Doc. No. 15), and Defendant Mechanical Contractors Association of Northwest Ohio, Inc., Boilermaker Employers Division ("MCA"), to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), (Doc. No. 16). The briefing on these motions is complete. Neither defendant objects to Fox's motion to amend, and that motion is granted. For the reasons stated below, Local 85's and MCA's motions are granted.

## II. STANDARD

"In assessing a motion to dismiss under Rule 12(b)(6), [a] court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and

determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alterations in original).

"A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Heinrich*, 668 F.3d at 403 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original).

### III. BACKGROUND

Fox began working as a Boilermaker in 1975 and joined Local 85 in 1977.[1] (Doc. No. 14-1 at 2). Fox has had a long-standing dispute with Local 85 officials regarding the procedures the union uses to refer members for jobs with contractors. He asserts Local 85 assigns "secondary referral status" to members who do not progress through Local 85's apprenticeship program and that he drew the ire of Local 85's leadership for speaking out against this bias. (Id. at 3-4). After an apparent ceasefire following Fox's initial complaints about the referral process, he began to notice a decline in the number of referrals he received and in his hours worked. (Id. at 8). Fox made a "written grievance inquiry" of Local 85 in late 2011, which lead the union to send letters to five contractors in December 2011. (Id.). On April 13, 2012, Fox learned from his union dispatcher

---

[1] As I noted above, neither defendant opposes Fox's motion to amend his complaint, (Doc. No. 14), and that motion is granted.

that a total of eight contractors had placed him on a "do not hire" list; these contractors represent approximately 90% of the job referrals within Local 85's jurisdiction. (Id. at 2). Fox retired in mid-2012 after Local 85 did not secure his removal from the "do not hire" lists. (Id. at 8).

## IV. ANALYSIS

Fox asserts claims for (1) violation of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 411(a)(2), 411(a)(5), 412, and 529, by Local 85; (2) breach of contract by both Defendants; and (3) breach of the duty of fair representation by Local 85. I conclude: (1) Fox failed to exhaust his administrative remedies, fails to show his failure should be excused, and is barred from pursuing his first cause of action as well as his breach of contract claim against MCA; (2) as a matter of law, Fox fails to state a claim for breach of contract against Local 85 for its operation of the referral system; and (3) Fox's breach of contract claim against MCA and his breach of the duty of fair representation claim against Local 85 are barred by the applicable statute of limitations.

### A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

In the ordinary course, an employee must attempt to use the grievance procedure delineated in the collectively-bargained agreement before bringing suit. *Wilson v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 83 F.3d 747, 753 (6th Cir. 1996) (*quoting Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1985)). A court may exercise its discretion to excuse an employee's failure to exhaust. *Clayton v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 451 U.S. 679, 689 (1981). The Supreme Court considers the following factors to be relevant to the exercise of this discretion:

> first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Clayton*, 451 U.S. at 689; *see Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330 (1969) (excusing employee's failure to exhaust administrative remedies where such effort would be futile).  The Sixth Circuit mandates that employees make a "clear and positive showing" of futility before a failure to exhaust may be excused.  *Terwilliger v. Greyhound Lines*, 882 F.2d 1033, 1039 (6th Cir. 1989), *cert. denied*, 495 U.S. 946 (1990).

As a threshold matter, Local 85 argues Fox failed to exhaust his administrative remedies because he did not seek referral of his grievance to the Local Joint Referral Disputes Committee, as the Uniform Referral Rules require.  The Uniform Referral Standards required Fox to "make an earnest effort to resolve [his complaint] with the Local union business manager who [was] responsible for the administration of the Local Joint Referral Procedures."  (Doc. No. 14-2 at 14).  Fox alleges he did so in November 2011.  (Doc. No. 14-1 at 10).

The Uniform Referral Standards next permit Fox to submit a written request for a hearing before the Local Joint Referral Disputes Committee.  (Doc. No. 14-2 at 14).  Fox implicitly concedes he did not submit such a request, but contends he "exhausted all contractual remedies that were available to him" and "any further exhaustion . . . would have been futile."  (Doc. No. 17 at 13).  Fox alleges exhaustion would have been futile because the union contended he had not filed a grievance regarding the do-not-hire lists, particularly when considered "in light of the [union's] conspiratorial, continuing, . . . secretive and hostile conduct" in Local 85's operation of the referral system.  (Doc. No. 14-1 at 11).

Fox fails to allege facts sufficient to state a claim that rises above the level of speculation.  *Twombly*, 550 U.S. at 555.  The Uniform Referral Standards state that the members of the Local Joint Referral Disputes Committee shall be appointed by the "chairman of the Employers' Negotiating Committee" (here, MCA) and the International Brotherhood of Boilermakers' International Vice President for the region.  (Doc. No. 14-2 at 14).  Those rules also disqualify "an agent of any party

4

involved in a dispute" from participation as a member of the disputes committee. (Id. at 2). Thus, the disputes committee which would have heard Fox's grievance could not include those persons Fox alleges conspired to place and keep him on do-not-hire lists. The collective bargaining agreement provided a clear path for Fox to seek resolution of his continued placement on the do-not-hire lists. His complaint fails to make a "clear and positive showing" that pursuing that path would be futile. *Terwilliger*, 882 F.2d at 1039; *see also Broniman v. Great Atl. & Pac. Tea Co.*, 353 F.2d 559, 563 (6th Cir. 1965) ("it cannot be said in the normal situation, that the contract grievance procedures are inadequate to protect the interests of an aggrieved employee until the employee has attempted to implement the procedures and found them so") (*quoting Republic Steel*, 379 U.S. at 653).

Fox also claims "determining the extent of [his] grievances, and the propriety of his pursuit of remedies are not matters which can be resolved on a Motion to Dismiss . . . ." (Doc. No. 17 at 13). Fox is incorrect. Rule 12 motions test the sufficiency of the pleadings, and Fox's complaint fails to state a plausible right to relief. *See Williams v. Dana Corp.*, 442 F.2d 412 (6th Cir. 1971) (concluding employee offered sufficient allegations to state a claim under the National Labor Relations Act and reversing district court's grant of employer's motion to dismiss). Fox may not proceed with his first claim for relief because his pleadings fail to show further exhaustion of his administrative remedies, prior to bringing suit, would have been futile.

**B. BREACH OF CONTRACT CLAIMS**

    **1. OPERATION OF THE REFERRAL SYSTEM**

Fox alleges the Defendants[2] violated the Uniform Referral Standards and the Joint Referral Rules "by failing to refer him in a non-discriminatory manner." (Doc. No. 14-1 at 9). Fox presents this claim as one for breach of contract under 29 U.S.C. § 185(a) or, in the alternative, as a claim for breach of the union's duty of fair representation. (Doc. No. 17 at 10, 12). It is well-established that

---

[2] I assume, for purposes of this opinion only, that Fox's allegations are sufficient to establish MCA qualifies as his employer under 29 U.S.C. § 152.

a union's allegedly discriminatory operation of a referral system or hiring hall is regulated by the duty of fair representation. *See, e.g., Humphrey v. Moore*, 375 U.S. 335, 342 (1964) (applying the duty of fair representation to a union's administration of a collective bargaining agreement); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (duty of fair representation applies to union's enforcement of the collective bargaining agreement); *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 89 (1989) (holding a union's duty of fair representation applied to operation of a hiring hall). While Fox correctly notes a union may assume contractual duties to union members through a collectively bargained contract, he fails to identify any language in Uniform Referral Standards or Joint Referral Rules in which Local 85 explicitly assumed a duty to union members greater than that implicated by the duty of fair representation. *See United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 374 (1990) ("If an employee claims that a union owes him a more far-reaching duty [than the duty of fair representation], he must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees."). Fox's allegation that Local 85 is liable for breach of contract as a result of its operation of the referral system fails as a matter of law.

Moreover, as Fox concedes, the referral system was exclusively operated by Local 85. (*See* Doc. No. 17 at 11). Fox fails to allege any facts which might establish MCA is liable for Local 85's execution of the referral system. Further, even if Fox could prove MCA may be held liable for the contractors' placement of Fox on do-not-hire lists, that claim is barred by the six-month statute of limitations, as I explain below.

### 2. LOCAL JOINT REFERRAL RULES COMMITTEE

Fox also alleges the Defendants breached the Uniform Referral Standards and Joint Referral Rules because "the Local Joint Referral Disputes Committee failed and refused to investigate, hear and decide this dispute arising out of [Fox's] being kept secretively from the referral procedure and

6

did not convene as needed to consider this dispute in breach of Sections 3.2.1 and 3.2.2 of the Standards Agreement." (Doc. No. 14-1 at 9). As I concluded above, Fox fails to show he properly invoked the jurisdiction of the Local Joint Referral Disputes Committee because he fails to allege that he submitted written notice to the Local 85 business manager pursuant to Article 9.1 of the Uniform Referral Standards and does not carry his burden of proving his failure to exhaust his administrative remedies may be excused. Fox fails to state a plausible claim for breach of contract. *See Iqbal*, 556 U.S. at 678.

## C. STATUTE OF LIMITATIONS

An employee who asserts his employer has violated the collective bargaining agreement and that the union has breached its duty of fair representation in representing the employee in a grievance procedure presents a hybrid § 301 / fair representation claim. *DelCostello*, 462 U.S. at 164-65; *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570-71 (1976). Hybrid § 301 claims are governed by a six-month statute of limitations. *DelCostello*, 462 U.S. at 172; 29 U.S.C. § 160(b). An employee's claim accrues when the employee discovers, or reasonably should have discovered, the acts giving rise to the cause of action. *Wilson*, 83 F.3d at 757 (*citing Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987), *cert. denied*, 498 U.S. 1033 (1988)). Additionally, the statute of limitations does not begin to run "until the party reasonably should know that the union has abandoned the party's claim." *Wilson*, 83 F.3d at 757 (*citing Schoonover v. Consol. Freightways Corp.*, 49 F.3d 219, 222 (6th Cir. 1995)). The employee's subjective awareness of his claims "is not determinative" if he failed to act as a reasonable person "and, in effect, closed [his] eyes to evidence and objective facts concerning the accrual of [his] right to sue." *Chrysler Workers Ass'n*, 834 F.2d at 579.

Defendants contend Fox's second and third causes of action are barred by the six-month statute of limitations. (Doc. No. 16 at 8; Doc. No. 15 at 10-12). They offer several different points

at which Fox's cause of action may have accrued, each of which falls outside of the limitations period: (1) November 2011, when he sent a letter to Local 85 concerning his placement on a do-not-hire list; (2) December 2011, when Local 85 reacted to his letter by sending letters to several contractors; (3) April 13, 2012, when he learned he was on do-not-hire lists for eight contractors; and (4) July 2012, when Fox alleges the union's inaction forced him to take retirement. Defendants are correct that the statute of limitations bars Fox's claims because he did not file suit until August 18, 2013.

Fox contends his claims did not accrue until February 18, 2013, when he learned the union claimed Fox had not filed a grievance at all and thus only then learned the union had not fairly represented him. (Doc. No. 17 at 13). This contention is not sustainable, and is undermined by Fox's factual allegations. Fox knew, in December 2011, that Local 85 sent letters to five contractors concerning his placement on do-not-hire lists. (Doc. No. 14-1 at 8). Fox also learned, in April 2012, that he not only remained on these five do-not-hire lists, but also was on do-not-hire lists for three additional contractors. (Id.). Further, Fox alleges Local 85's inaction forced him to retire in July 2012. (Id. at 5, 10). At the very least, in July 2012, Fox knew or should have known Local 85 had acquiesced in the substantial restriction of the jobs available to him pursuant to the referral system and that Local 85 had not pursued his complaints about the do-not-hire lists. His subjective belief concerning his grievance, and therefore the accrual of his cause of action, does not satisfy the requirement that he act with due diligence. *Noble,* 32 F.3d at 1000. Fox's second and third causes of action are untimely and thus fail to state claims for relief. *See Dudich v. United Auto Workers Local Union No. 1250*, 454 F. Supp. 2d 668 (N.D. Ohio 2006).

8

### V. CONCLUSION

For the reasons stated above, the motions of Local 85 and MCA to dismiss Fox's amended complaint are granted. As a matter of law, Fox's first cause of action is barred by his failure to exhaust his administrative remedies, and his second and third causes of action are barred by the applicable statute of limitations.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge